# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 82

*April Term, A.D. 2016*

**August 24, 2016**

| | |
|---|---|
| BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner, v. SPENCER L. ALLRED, WSB # 7-4601, Respondent. | D-16-0006 |

## ORDER OF PUBLIC CENSURE

[¶1]   **This matter** came before the Court upon a "Report and Recommendation for Order of Public Censure," filed herein August 15, 2016, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline). The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent Spencer L. Allred should be publicly censured for his conduct. It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Order of Public Censure," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that Spencer L. Allred is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Order of Public Censure. The Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Order of Public Censure; and it is further;

[¶4]    **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Allred shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Mr. Allred shall pay the total amount of $800.00 to the Wyoming State Bar on or before September 30, 2016; and it is further

[¶5]    **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Order of Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶6]    **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Order of Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7]    **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent Spencer L. Allred.

[¶8]    **DATED** this 24th day of August, 2016.

> **BY THE COURT:**
>
> /s/
>
> **E. JAMES BURKE**
> **Chief Justice**

| | | | IN THE SUPREME COURT<br>STATE OF WYOMING<br>FILED |
|---|---|---|---|
| *In the matter of* | ) | | |
| *SPENCER L. ALLRED,* | ) | | |
| *WSB No. 7-4601,* | ) | | |
| | ) | *BPR No. 2016-014* | AUG 1 5 2016 |
| *Respondent.* | ) | | |

CAROL THOMPSON, CLERK

by CHIEF DEPUTY

## REPORT AND RECOMMENDATION
## FOR ORDER OF PUBLIC CENSURE

THIS MATTER came before the Board of Professional Responsibility on the 9th day of August, 2016, for consideration of the Stipulation for Public Censure submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Board having reviewed the Stipulation, the accompanying affidavit of factual basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows:

Respondent has been licensed to practice in Wyoming since 2009, and is engaged in the active practice of law in Afton, Wyoming. In May of 2014, Respondent undertook to represent a client ("Client") in a divorce action. Respondent accepted a $10,000.00 retainer to be applied against fees earned and costs incurred in the case. Respondent filed the complaint on May 30, 2014.

Initially, Client's husband was self-represented. He soon hired an attorney, and Respondent began exploring settlement with his attorney. One issue in the divorce case was the valuation of a business which was the couple's principal source of income. Respondent researched experts to appraise the business, but did not actually retain an expert.

There were significant delays in the proceeding. Client's husband changed lawyers twice. Respondent was dealing with significant personal issues in his life – Respondent and his wife had recently adopted two children, and Respondent's wife was fully employed in a position that required a 200 mile commute.

As Respondent concedes, Client became justifiably frustrated with the lack of progress in her divorce. Respondent admits that he had tarried on moving the matter forward with formal discovery based upon his belief that the matter would settle. At Client's insistence, Respondent communicated a formal settlement offer to husband's counsel in February 2015, and served extensive written discovery requests at the same time. Respondent acknowledged to Client that the case had taken too long and Respondent should have been more aggressive in moving it forward.

After the settlement offer was sent in February 2015, the husband changed counsel and there were further delays while his new counsel got up to speed on the case. Again, Respondent concedes that he should have been more vigilant in moving the case forward. He failed to do so.

In May 2015, when no response to the February 2015 settlement offer had been received, Respondent complied with Client's direction to send a revised settlement offer. Respondent assured Client that he would push settlement so that Client could move on with her life.

Respondent's office received a written counteroffer from the husband's attorney in June 2015, but Respondent neglected to read it until mid-July 2015. The counteroffer was disappointing to both Client and Respondent. At this point, Respondent came to the conclusion that the matter was unlikely to settle, and set about preparing the case for trial. Respondent worked with Client to prepare Rule 26 disclosures.

In early August 2015, a new attorney entered an appearance in the case for the husband. The new attorney was much more aggressive than her predecessors, sending extensive written discovery requests and insisting on scheduling Client's deposition.

2

By the fall of 2015, Client's frustration with the case had understandably reached a boiling point. Rather than deal with the situation head-on, Respondent avoided his client's calls and neglected to respond to numerous emails, which contributed to a deteriorating relationship between Respondent and his client.

By late November 2015, Client had responded to extensive discovery requests. Though she had been deposed by the husband's counsel, Respondent failed to take the husband's deposition in a timely manner. Client's $10,000.00 retainer was exhausted and she had very little to show for her expenditures of time and money in the case. Respondent and his client had an uncomfortable meeting in early December 2015 and soon parted ways, with Client deciding to retain other counsel. In January 2016, Client submitted a complaint against Respondent to the Office of Bar Counsel.

Respondent has conditionally admitted to multiple violations of Rule 1.3 (diligence) and 1.4 (communication with client) of the Wyoming Rules of Professional Conduct. Respondent has also conditionally admitted to multiple violations of Rule 1.5 (fees) in failing to exercise professional judgment in his billing in the matter. In hindsight, Respondent agrees that he should have written off unproductive, excessive, or redundant hours charged to Client. Respondent is extremely embarrassed and remorseful about his conduct in representing Client, which Respondent admits did not comport with the level of diligence, communication and billing judgment which Client rightfully expected. Accordingly, Respondent has refunded the entire $10,000.00 retainer Client paid Respondent.

## ABA Sanction Standards

Respondent's violations of Rules 1.1 and 1.3 call into play Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:

3

4.41 Disbarment is generally appropriate when:
  (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
  (b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
  (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

4.42 Suspension is generally appropriate when:
  (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
  (b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.

4.43 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

Respondent's violation of Rule 1.5 implicates Standard 7.0, which provides:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving false or misleading communication about the lawyer or the lawyer's services, improper communication of fields of practice, improper solicitation of professional employment from a prospective client, unreasonable or improper fees, unauthorized practice of law, improper withdrawal from misrepresentation, or failure to report professional misconduct.

7.1 Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public or the legal system.

7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

7.3 Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

7.4. Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence that is a violation of a duty owed as a professional, and causes little or no actual or potential injury to a client, the public, or the legal system.

ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

4

9.1    *Generally*

    After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2    *Aggravation*

    9.21    *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

    9.22    *Factors which may be considered in aggravation.* Aggravating factors include:

        (a) prior disciplinary offenses;

        (b) dishonest or selfish motive;

        (c) a pattern of misconduct;

        (d) multiple offenses;

        (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

        (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

        (g) refusal to acknowledge wrongful nature of conduct;

        (h) vulnerability of the victim;

        (i) substantial experience in the practice of law;

        (j) indifference in making restitution; and

        (k) illegal conduct, including that involving the use of controlled substances.

9.3    *Mitigation.*

    9.31    *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

    9.32    *Factors which may be considered in mitigation.* Mitigating factors include:

        (a) absence of a prior disciplinary record;

        (b) absence of a dishonest or selfish motive;

        (c) personal or emotional problems;

        (d) timely good faith effort to make restitution or to rectify consequences of misconduct;

        (e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

        (f) inexperience in the practice of law;

        (g) character or reputation;

        (h) physical disability;

        (i) mental disability or chemical dependency including alcoholism or drug abuse when:

            (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

            (2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4     *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

In Respondent's case, aggravating factors include: (1) a pattern of misconduct and (2) multiple offenses. However, there are significant mitigating factors, including: (1) absence of a prior disciplinary record; (2) personal problems; (3) refund of retainer to the client; (4) full and free disclosure to Bar Counsel and a cooperative attitude toward proceedings; and (5) remorse.

Respondent and Bar Counsel agree and stipulate that a public censure is an appropriate sanction for Respondent's misconduct, and the Board finds that a public censure is appropriate under the foregoing facts. In the event that the Court issues an Order of Public Censure in accordance herewith, Bar Counsel and Respondent have agreed to the following press release:

The Wyoming Supreme Court issued an order of public censure of Afton attorney Spencer L. Allred. The disciplinary order resulted from Allred's representation of a client in a divorce matter. The client paid a $10,000.00 retainer which was charged against Allred's hourly fees in the case. Allred neglected to pursue the matter diligently and failed to maintain adequate communication with his client, who ultimately terminated Allred's representation and retained other counsel. After the client submitted a complaint to the Wyoming State Bar, Allred refunded the $10,000.00 retainer. Allred agreed that he committed multiple violations of Rule 1.3 (diligence) and Rule 1.4 (communication with client). He also agreed that he violated Rule 1.5 (fees) in failing to exercise appropriate billing judgment in the case by writing off unproductive, excessive and redundant hours billed to the client. Allred stipulated to a public censure in the matter, which was

6

approved by the Board of Professional Responsibility and submitted to the Court. In addition to receiving a public censure, Allred was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

For the foregoing reasons, the Board of Professional Responsibility recommends that the Court issue an Order of Public Censure in accordance with the terms of this report and recommendation.

DATED this _____9ᵗʰ_____ day of August, 2016.

Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar

7